IN THE MATTER OF THE APPLICATION OF THE NEW YORK. WEST SHORE AND BUFFALO RAILWAY COM- PANY; RESPONDENT, TO ACQUIRE LANDS OF ISAAC H. SUTHERLAND, APPELLANT.

*Appraisals of damages for land taken for a railroad—reversed because of the reception of evidence of benefit to adjoining land — when the error is not cured by statements in the report showing that it was not affected by it.*

Upon a hearing before commissioners appointed to appraise the damages to be sustained by a landowner by the taking of a portion of his land for railroad purposes, and after evidence had been given tending to show that the company proposed to erect a depot in the vicinity, a witness, who owned land adjoining that to be taken, and who had testified that he had some knowledge of the effect upon the value of land of the location of a railroad depot near to it, was asked, and against the landowner's objections and exceptions allowed to answer, the following question: " What, in your opinion, will be the effect of the pro- posed improvement upon the land proposed to be taken in these proceedings upon the adjoining lands?" He answered, " My judgment is that the value of the remaining portion would be advanced."

*Held,* that the admission of the testimony was an error, under the provisions of the statute prohibiting the commissioners in fixing the amount of the compen- sation from making "any allowance or deduction on account of any real or supposed benefits which the parties interested may derive from the construc- tion of the proposed railroad, or the construction of the proposed improvement connected with such road, for which such real estate may be taken."

That the error in admitting the evidence was not cured by the insertion in the commissioners' report of the statement, that in fixing the amount of such com- pensation they did not make any allowance or deduction on account of any

real or supposed benefit which the owner or persons. interested might derive
from the construction of the road.

*Matter of New York, Lackawanna and Western Railway Company* (29 Hun, 1)
followed.

APPEAL from the appraisal and report of the commissioners,
appointed to appraise the damages to be occasioned by the taking of
land for the purposes of a railroad, and from an order of the Monroe
Special Term confirming the same.

*H. H. Woodward*, for the appellant.

*Davy & Maurer*, for the respondent.

HAIGHT, J. :

Proceedings were instituted by the respondent for the purpose of
acquiring the lands described in the petition for the purposes of its
incorporation.   The only error which we discover in the proceed-
ings appears in the testimony taken before the commissioners.
Lucius S. May was sworn as a witness for the petitioner and testified
that he resided at Pittsburg, N. Y.; that his place adjoins the Isaac
Sutherland place on the east; that his land adjoins the lands of the
Sutherland heirs on the north-west.   He then says : "I have some
knowledge of the effect of the value of lands as affected by the
location of railroad depots.   Q. What, in your opinion, will be the
effect of the proposed improvements upon the land proposed to be
taken in these proceedings upon the adjoining lands ?" (Objected
to as incompetent and immaterial.   Objection overruled, to which
ruling counsel for the owner then and there duly excepted.)   The
witness answered : "My judgment is that the value of the remain-
ing portion would be advanced."   Evidence had already been given
tending to show that the railroad company contemplated locating a
depot in that vicinity.

The statute provides that "the commissioners shall ascertain
and determine the compensation which ought justly to be made
by the company to the owners or persons interested in the
real estate appraised by them, and in fixing the amount of such
compensation said commissioners shall not make any allowance
or deduction on account of any real or supposed benefits which
the parties interested may derive from the construction of the
proposed railroad or the construction of the proposed improve-

ment connected with such road, for which such real estate may be taken."

The rule upon which commissioners should determine the compensation which ought justly to be made by the company to the owner, is well settled by authority. The owner should be awarded the market value of the land actually taken, and in addition thereto the depreciation in the market value of the lands remaining as compared to their former market value. (*In the Matter of the New York, West Shore and Buffalo Railway Company, to Acquire Lands of John N. Dudleston*, 29 Hun, 609–611.)

The evidence objected to appears to us to be in direct conflict with the provisions of the statute quoted, and was improperly received. The commissioners, in their award, state that in fixing the amount of such compensation, they did not make any allowance or deduction on account of any real or supposed benefits which the owner or persons interested might derive from the construction of the road. It is now contended on the part of the railroad company that because of this statement appearing in the award, that the error in admitting the evidence was cured. The commissioners, however, do not state that they disregarded this evidence or that it had no influence on their minds in determining the amount of compensation which ought to be awarded. This question received consideration in this court in the case of the *Application of the New York, Lackawanna and Western Railway Company, to Acquire Lands of Samuel E. Haskin* (29 Hun, 1–5). It was there held that "the presumption is, that all evidence, whether proper or improper, received and retained by a trial court until its decision is pronounced, had its natural effect upon the decision, and that presumption cannot be overcome by any subsequent assertion of the person or persons composing the tribunal by which the decision was made." It is often the case that commissioners, in determining the compensation which ought to be made to the owner, adopt a wrong basis in determining the amount, and the courts frequently reverse and order new appraisals. We think the court ought not to hold because the commissioners inserted in their report the statement that they had adopted the basis provided by statute in determining the amount of compensation that ought to be made, that it is bound by such statement and cannot correct the error.

The appraisal should be set aside and the order reversed, with costs of this appeal to the appellant, and a re-appraisal ordered before new commissioners to be appointed by the Special Term.

BRADLEY, ANGLE and CHILDS, JJ., concurred.

So ordered.